## IN THE UNITED STATES DISTRICT COURT FOR
## THE WESTERN DISTRICT OF OKLAHOMA

GREGORY L. WALLACE,                )
                                   )
                    Plaintiff,     )
                                   )
v.                                 )        Case No. CIV-22-00490-PRW
                                   )
MALACHI, *et al.*,                 )
                                   )
                    Defendants.    )

## ORDER

This matter comes before the Court on United States Magistrate Judge Gary Purcell's Report and Recommendation (Dkt. 12) recommending the dismissal of Plaintiff Gregory L. Wallace's case for failure to pay an initial partial filing fee. The Report and Recommendation advised Plaintiff of his right to file an objection by August 26, 2022, and on August 3, 2022, Plaintiff filed a notice (Dkt. 13) describing alleged injuries and explaining the legal theories upon which he relies. But Plaintiff's notice, even construed as an objection to the Report and Recommendation, does not address his failure to pay the initial partial filing fee.

Plaintiff filed his Complaint (Dkt. 1) against six defendants on April 7, 2022, pursuant to 42 U.S.C. § 1983. The case was referred to Magistrate Judge Gary Purcell for initial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B). On June 28, 2022, Plaintiff was granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915 and was ordered to pay an initial partial filing fee of $5.00 by July 18, 2022. Plaintiff was warned that if he failed

to timely pay the initial fee or to show cause for his failure to pay, this action would be subject to dismissal without prejudice.

Under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss an action if the plaintiff "fails to prosecute or to comply with these rules or a court order." This rule "has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders."[1] Indeed, "dismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules."[2] And though Plaintiff appears *pro se*, he is "[held] . . . to the same rules of procedure as other litigants."[3]

Because Plaintiff has not complied with the Court's order to pay the initial partial filing fee or to show cause in writing for his failure to pay, and "to manage [the Court's] affairs so as to achieve the orderly and expeditious disposition of cases,"[4] the Court **ADOPTS** the Report and Recommendation (Dkt. 12) and **DISMISSES** Plaintiff's case without prejudice.

---

[1] *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)).

[2] *United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005) (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 642–43 (1976)).

[3] *See Davis v. Kan. Dep't of Corrs.*, 507 F.3d 1246, 1247 n.1 (10th Cir. 2007).

[4] *United States ex rel. Jimenez*, 400 F.3d at 855 (quoting *Link*, 370 U.S. at 630–31).

**IT IS SO ORDERED** this 20th day of April 2023.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE